IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY LEE IRIVIN REID, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | ) CIVIL ACTION NO.: 3:13-CV-93-TMH |
| | )        [WO] |
| LEE COUNTY DETENTION | ) |
| CENTER, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 20, 2013 the court entered an order granting Plaintiff fourteen days to file an amended complaint. (*See Doc. No. 4*.) On March 21, 2013 the court directed Plaintiff to show cause on or before April 1, 2013 why his complaint should not be dismissed for his failure to comply with the court's February 20 order to file an amended complaint. (*Doc. No. 5*.) The March 21 order cautioned Plaintiff that his failure to either file an amended complaint as previously directed or respond to the order to show cause for his failure to do so would result in a Recommendation that this action be dismissed without prejudice. (*Id*.) The requisite time has passed and Plaintiff has not complied with the orders of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **June 3, 2013**.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar Plaintiff from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 14th day of May 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE